UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually,

       Plaintiff,

v.

Case No. 1:13-cv-253

BMAC LIMITED, LLC., a Michigan Limited Liability Company,

       Defendant.

_____/

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(w/Jury Demand Endorsed Hereon)**

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, BMAC LIMITED, LLC., an Michigan Limited Liability Company(sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of HANCOCK.

2. Defendant's property, KNIGHTS INN TRAVERSE CITY is located at 360 Munson Ave, Traverse City, MI in GRAND TRAVERSE County.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Western District of Michigan because venue lies in the

judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits, and has visited, Traverse City and the surrounding area for golf trips and family vacations several times annually for several years and has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has definite plans and reservations to return to this Knights Inn for a vacation in September 2013. Mr. Miles also has a Traverse City golf trip scheduled in August 2013. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

    premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as 360 Munson Ave, traverse City, MI 49686.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit KNIGHTS INN TRAVERSE CITY not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access

to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of KNIGHTS INN TRAVERSE CITY has shown that violations exist.  These violations include, but are not limited to:

Parking & Accessible Routes

- A. There are no designated accessible parking spaces in violation of the ADA whose remedy is readily achievable

- B. There are no designated van accessible parking spaces in violation of the ADA whose remedy is readily achievable

- C. There are no signs designating accessible parking in violation of the ADA whose remedy is readily achievable

- D. There are no access aisles at any parking spaces as would be required at designated accessible parking in violation of the ADA whose remedy is readily achievable

- E. There are curb ramps with thresholds in excess of 1/2 inch on an accessible route in violation of the ADA whose remedy is readily achievable

- F. Stair handrails are not accessible in violation of the ADA whose remedy is readily achievable

Restrooms

- G. Exposed pipes under sink in violation of the ADA whose remedy is readily achievable

Guestrooms

- H. There are no designated accessible barrier free rooms whereas at least two are required in violation of the ADA whose remedy is readily achievable

- I. The is no knee clearance at sinks in violation of the ADA whose remedy is readily achievable

  J  There is insufficient restroom door width to enter in violation of the ADA whose remedy is readily achievable

  K.  There are no grab bars at toilets in violation of the ADA whose remedy is readily achievable

  L.  The shower controls do not comply with the ADA whose remedy is readily achievable

  M.  There is no detachable head and hose in the shower unit in violation of the ADA whose remedy is readily achievable

  N.  There are no grab bars in the tub unit in violation of the ADA whose remedy is readily achievable

  O.  Coat racks, door latches and other room amenities are mounted at heights in excess of allowable reach ranges in violation of the ADA whose remedy is readily achievable

  P.  Bathroom door hardware requires tight clasping, gripping or twisting in violation of the ADA whose remedy is readily achievable

<u>Access to Goods and Services</u>

  Q.  The lobby counter is in excess of 36 inches with no lowered counter surfaces in violation of the ADA whose remedy is readily achievable

  R.  There are no accessible dining tables in the hotel breakfast area in violation of the ADA whose remedy is readily achievable

  S.  Some self service items in breakfast lounge exceed designated access height requirements in violation of the ADA whose remedy is readily achievable

  T.  Swimming pool does not have a require pool lift in violation of the ADA whose remedy is readily achievable

<u>Policies & Procedures</u>

  U..  The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons in violation of the ADA whose remedy is readily achievable

12.  The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13. Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14. KNIGHTS INN TRAVERSE CITY, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Plaintiff, and others similarly-situated, are without adequate remedy at law and are

suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. KNIGHTS INN TRAVERSE CITY, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

Whereas, the Defendant has taken no steps to comply with the Americans with Disabilities Act or comparable Michigan state law to make its facility accessible to Mr. Miles or others confined to wheelchairs or affected by other disabilities. Mr. Miles was severely limited in his ability to use any aspects of this property.

21. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr. - dated: March 5, 2013

Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo, OH 43604
(419) 241-9661
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net